UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

RAYMOND C. SLADE,

Case. No. 08-10927 JA

      Debtor.

_____

CAGO, INC.,

      Plaintiff,

      vs.                               Adversary No. 08-1065 J

RAYMOND CURTIS SLADE,

      Defendant.

MEMORANDUM OPINION

This matter is before the Court on Plaintiff Cago, Inc.'s Motion for Summary Judgment and Memorandum in Support of Plaintiff's Motion for Summary Judgment ("Motion for Summary Judgment") filed January 30, 2010. (Docket No. 20). The Motion for Summary Judgment seeks judgment on all claims.

A.    BACKROUND

On May 15, 2008, Cago, Inc. ("Cago") commenced this adversary proceeding by filing complaint against Raymond Curtis Slade objecting to discharge under 11 U.S.C. §§ 727(a)(2), (a)(3) and (a)(4) and objecting to dischargeabilty of debts under § 523(a)(2). The Complaint also contains a count under 11 U.S.C. §§ 554 and 725.[1]

---

[1] Section 554 governs abandonment of property of the estate. Section 725 concerns the trustee's disposition of "Property in which an entity other than the estate has an interest," which property is not otherwise disposed of under another section of the Code. 11 U.S.C. § 725.

In connection with its objection to dischargeablity under 11 U.S.C. § 523(a)(2), Cago alleges that Mr. Slade entered into an equipment lease with no intent of making lease payments or returning the equipment; failed to make any of the lease payments; and fraudulently issued bad checks for lease payments. Cago also alleges that the parties entered into a settlement agreement requiring Mr. Slade 1) to make installment payments to Cago; and 2) to sell the leased equipment and remit the sale proceeds to Cago or return the equipment. Cago asserts that Mr. Slade breached the agreement by failing to remit payments and by either converting the equipment or knowingly allowing it to be stolen. In connection with its objections to discharge under 11 U.S.C. §§ 727(a)(2), (a)(3) and (a)(4), Cago alleges that Mr. Slade 1) knowingly disposed of estate assets in violation of the Bankruptcy Code and a temporary restraining order; 2) made a false oath at the first meeting of creditors; 3) fraudulently transferred assets to or for the benefit of family members and fraudulently acquired exempt property; 4) converted trusts funds in the form of royalties paid to Slade's alter ego, The Stoneworks LLC ("Stoneworks"), to his own use and benefit; 5) used Stoneworks to perpetrate a fraud on creditors; and 6) failed to list assets in his bankruptcy schedules as required. In connection with its claim under 11 U.S.C. §§ 554 and 725, Cago alleges that Stoneworks is Slade's alter ego, and that Slade is using Stoneworks to perpetrate a fraud on his creditors.

B.     SUMMARY JUDGMENT STANDARD

It is appropriate for the Court to grant summary judgment if the pleadings, discovery materials, and any affidavits before the Court show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c) made applicable to adversary proceedings by Fed. R. Bankr.P 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis

-2-

for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Courts must review the evidentiary materials submitted in support of a motion for summary judgment to ensure that the motion is supported by evidence. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden, then summary judgment must be denied. Hearsay evidence cannot be considered on a motion for summary judgment. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). Any documentary evidence submitted in support of summary judgment must either be properly authenticated or self authenticating under the Federal Rules of Evidence. *Goguen v. Textron, Inc.*, 234 F.R.D. 13, 16 (D. Mass. 2006). Furthermore, New Mexico Local Bankruptcy Rule 7056-1 provides that the movant shall file with the motion for summary judgment a written memorandum containing a short, concise statement in support of the motion with a list of authorities relied upon, and that the movant's  statement of material facts as to which the movant contends no genuine fact exists must "refer with particularity to those portions of the record upon which the movant relies." NM LBR 7056-1.

       C.     DISCUSSION

The Motion for Summary Judgment is defective in two respects.  First, the Memorandum in support of the Motion does not contain a "list of authorities relied upon" as required by NM LBR 7056-1.  Second, the Memorandum is not properly supported by admissible evidence.

The Memorandum contains a Statement of Undisputed Facts listing thirty-two numbered paragraphs of facts, followed by a conclusion asserting that there is no genuine issue of material fact and that Plaintiff is entitled to summary judgment as a matter of law.  The only

authorities cited in the Memorandum are sections of the Bankruptcy Code, with no discussion of these sections. Plaintiff's failure to include a list of cited authorities or to discuss the application of the Code sections to the undisputed facts is insufficient to satisfy the requirements of NM LBR 7056-1.

In addition, possibly because of its contention that Mr. Slade admitted all material facts set forth in Plaintiff's First Request for Admissions by failing to properly answer the requests, Cago has not supported a substantial portion of its statement of undisputed facts with admissible evidence.[2] On July 27, 2010, the Court entered its Order Granting Rule 36(B) Motion and Requiring That Signed Answers to the Requests for Admissions be Served and Filed. Such Answers were served and filed on August 9, 2010. (See Docket No. 41). Thus, no deemed admissions have established. Apart from its reliance on the alleged deemed admissions of Mr. Slade, Cago relies on an Affidavit of Robert Bourk in support of paragraphs 3, 4, 6, 7, 8, 9, 11, 12, 13, 14, 15, 17, 18, 20, 21, 23, 24, 25, 26, 29, 31 and 32 of its Statement of Facts. Cago also relies in part on the Affidavit of Robert Bourk in support of paragraphs 6, 16, 22, and 28. Cago makes no citation to the record in support of paragraph 27.

When an affiant is not testifying as an expert, and evidence is not otherwise admitted as an admission by a party opponent or as an exception to the hearsay rule, affidavit testimony that is not based on personal knowledge is inadmissible in connection with a motion for summary judgment. *See* Rule 56(e)(1), Fed.R.Civ.Proc.[3] *See also, Argo v. Blue Cross and*

---

[2] Plaintiff's Statement of Material Facts does not cite to any admissions on the part of Mr. Slade as a basis for the facts being deemed established. However, the Conclusion in the Memorandum asserts that Mr. Slade has "admitted to all of the foregoing due to his neglect to properly file answers to Plaintiff's First Request for Admissions." Memorandum, p. 5 (Docket No. 20).

[3] Rule 56, Fed.R.Civ.Proc., is applicable to this adversary proceeding pursuant to Rule 7056, Fed.R.Bankr.Proc. Rule 56(e)(1) provides:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters

*Blue Shield of Kansas, Inc*., 452 F.3d 1193, 1200 (10th Cir. 2006)(acknowledging that Rule 56(e) requires that affidavits must be made on personal knowledge). *Accord United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 508 (5th Cir. 2008)(same); *Juarez v Menard, Inc*., 366 F.3d 479, 484 n. 4 (7th Cir. 2004)(same). "Under the personal knowledge standard, an affidavit is inadmissible if 'the witness could not have actually perceived or observed that which he testifies to.'" *Argo,* 452 F.3d at 1200 (quoting *United States v. Sinclair,* 109 F.3d 1527, 1536 (10th Cir. 1997)(quoting *M.B.A.F.B. Fed. Credit Union v. Cumis Ins. Soc'y, Inc.,* 681 F.2d 930, 932 (4th Cir. 1982)). A statement in an affidavit made upon belief is not a statement made on personal knowledge and must be disregarded at the summary judgment stage. *Argo,* 452 F.3d at 1200 (citing *Tavery v. United States,* 32 F.3d 1423, 1427 n.4 (10th Cir. 1994)). Even if an affiant recites the he is personally familiar with matters in the affidavit, matters should be excluded where the affiant was not in a position of having personal knowledge of stated matters. *Id.*

Many of the statements contained in the Affidavit of Robert Bourk (Docket No. 20, Ex. 1) are inadmissible under Rule 602, Fed.R.Evid., because the affiant either lacks the required personal knowledge or a proper foundation has not been laid to establish personal knowledge. Mr. Bourk is president of Cago. (*See* Affidavit ¶ 1). His affidavit includes the following averments:

1. Mr. Slade issued four fraudulent checks (Affidavit ¶ 9);

2. Mr. Slade sold or converted equipment to an unknown third party or knowingly allowed the equipment to be stolen (Affidavit ¶ 13);

---

stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

3. Mr. Slade willfully disposed of assets in contravention of bankruptcy law and a temporary restraining order (Affidavit ¶¶ 14 and 15);

4. The Stoneworks LLC was undercapitalized and kept no books or records (Affidavit ¶ 16);

5. Mr. Slade transferred assets to family members for the purpose of putting the asses in exempt property rather than paying creditors (Affidavit ¶ 17);

6. Mr. Slade used Stoneworks for the purpose of perpetrating a fraud on his creditors (Affidavit ¶ 18);

7. The assets of Stoneworks have been used for Slade's personal benefit (Affidavit ¶ 19);

8. Mr. Slade has converted substantial assets to other entities (Affidavit ¶ 20);

9. Mr. Slade has converted trust funds for his own use and benefit (Affidavit ¶ 21);

10. A third party took possession of the equipment and is now using it in its business (Affidavit ¶ 23);

11. Mr. Slade obtained possession of the equipment with the intent of never paying for its use or returning it (Affidavit ¶ 24); and

12. Mr. Slade converted estate assets (Affidavit ¶ 25).

Cago relies on these statements in an effort to establish that there is no genuine issue of material fact. However, much of Mr. Bourk's affidavit testimony relates to Mr. Slade's state of mind, including what Mr. Slade intended or what motivated his actions. Mr. Bourk is not in a position to have personal knowledge of what goes on inside another person's mind. Other matters contained in Mr. Bourk's affidavit are of a nature that they would not normally be within the personal knowledge of the president of a non-insider creditor, and there is no

foundation in the affidavit to establish how Mr. Bourk came to have personal knowledge of such matters.

Based on the foregoing, the Court concludes that the Motion for Summary Judgment must be denied. Cago has failed to discharge its initial burden to support its motion with authorities, and has failed to support its statement of material facts with evidence. An order consistent with this ruling will be entered.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: August 13, 2010

COPY TO:

**Jason C Bousliman**
Attorney for Plaintiff
PO Box 2168
Albuquerque, NM 87103-2168

**Russell C Lowe**
Attorney for Defendant
PO Box 90536
Albuquerque, NM 87199-0536